*560 The court decided that the plaintiff was entitled to recover, in an opinion per curiam, as follows:
The facts show without dispute that the increased labor costs of $4,071.84 sought to be recovered in this case under the Act of June 25, 1938, 52 Stat. 1197, were incurred as a result of the enactment of the National Industrial Recovery Act and compliance, to the extent of such labor costs, with the Code for the Textile Industry. The Comptroller General denied plaintiff’s claim for the increased labor *561 costs incurred under Contract W-669 solely on the ground that there had been a failure of strict compliance with the hours-of-work provision of the Textile Code, as he interpreted it, in the bleaching department of plaintiff’s mill. There had been a controversy as to whether the original Code applied to finishing- or bleaching-operations department, and the matter was not cleared up until November 5, 1933, after this contract had been completed, and an amendment to the Code was issued and made effective November 13, 1933. The question whether the Comptroller was right in his interpretation of the Act of June 16, 1934, and the original Textile Code is immaterial here since the Act of June 25,1938, under which this suit is brought, conditions the right to recover on the incurring of increased costs as a result of the enactment of the National Industrial Recovery Act rather than on strict compliance with a code. The facts as stipulated show without doubt that the increased costs of $4,071.84 claimed were incurred as a result of the enactment of the National Recovery Act. Judgment will therefore be entered in favor of plaintiff for $4,071.84. It is so ordered.
JUDGMENTS ENTERED UNDER THE ACT OF JUNE 25, 1938
In accordance with the provisions of the Act of June 25, 1938 (52 Stat. 1197), and on motion of the several plaintiffs (to which no objection had been filed by the defendant), and upon the several stipulations by the parties, and in accordance with the report of a commissioner in each case recommending that judgment be entered in favor of the respective plaintiffs in the sums named, it was ordered that judgments be entered as follows, for increased costs under the National Industrial Recovery Administration Act:
On October 4, 1943
No. 44243. General Steel Castings Corporation_$6,028.74
No. 44350. Continental Clay Products Company, a Cor-poration_ 916.64
No. 44372. Batavia Mills, Inc., a Corporation_ 907.37
No. 44412. Dahlstrom Metallic Door Company, a Corporation-_ 4, 518.24
No. 44478. Allis-Chalmers Manufacturing Company, a Corporation— -; 12,, 125.96
No. 44518. J. L. Shiely Company, a Corporation_ 1,303. 93
*562 On November 1, 1943
No. 44249. Cramerton Mills, Inc- 8,383.24
No. 44271. H. C. Lemke et al_ 1,180.95
On December 6, 1943
No. 44335. Atlantic Elevator Company, Inc- 301.11
No. 44349. The Marble & Shattuck Chair .Company, a Corporation- 17,676.27
No. 44375. J. K. Eishel Furniture Company- 591.18
No. 44525. American Engineering Company- 1,035.75
On January 3, 1944
No. 44248. John J. Murphy & Co., Inc- 2,609.62
PETITIONS DISMISSED
Cases under the Act of June 25, 1938, in which petitions were dismissed:
On November 1, 1943
44292. Jay DePuy.
44378. The William Bayley Co.
44506. Frederick E. Toebe, Admr.
On December 6, 1943
44143. The American Shade Cloth Co.
44342. Harry F. Fisher, Deceiver.
44371. Sulloway Hosiery Mills, Inc.
On January 3, 1944
44557. Barker Painting Company.
44562. The Simes Company.